In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-1054

STEVEN E. JACOBS,

*Plaintiff-Appellant,*

*v.*

PAUL REVERE LIFE INSURANCE COMPANY,
d/b/a UNIPROVIDANT,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 995—**Charles P. Kocoras**, *Chief Judge.*

ARGUED DECEMBER 1, 2005—DECIDED DECEMBER 19, 2005

Before FLAUM, *Chief Judge,* and BAUER and EVANS, *Circuit Judges.*

FLAUM, *Chief Judge.* Steven Jacobs took out a disability insurance policy ("the Policy") from Paul Revere Life Insurance Company ("Revere"). When Jacobs purchased the Policy, he had recently undergone successful back surgery. For that reason, Revere included a "back exclusion" in the Policy, whereby Jacobs would receive only twelve months of disability pay for any back injury. The Policy also included a reconsideration offer that would allow Jacobs to request reconsideration of removal, modification, or reduction of the back exclusion if Jacobs' back was symptom-free for two years. Jacobs' back was symptom-free for two years, but he

never requested that Revere reconsider the Policy's back exclusion.

Jacobs injured his back playing tennis ten years after purchasing the Policy. He filed a claim with Revere. The company agreed to pay only twelve months of disability benefits, citing the Policy's back exclusion. Jacobs claims that because he was symptom-free for two years, Revere was contractually obligated to remove the back exclusion upon request, even if that request came after a significant back injury. Jacobs claims that the only valid ground for not removing the exclusion would be if Jacobs had exhibited back symptoms within two years of purchasing the Policy. Revere claims that under the Policy, it is allowed to take into account any back problems which arose before Jacobs asked the company to reconsider the back exclusion, including Jacobs' current, debilitating injury.

The district court granted summary judgment to Revere, favoring its interpretation of the contract. For the following reasons, we now affirm.

## I.  Background

Steven Jacobs is a commodities trader. In 1991, he purchased a disability insurance policy from Revere. Jacobs had previously injured his back and undergone surgery. He disclosed this condition on his policy application, and the issued policy contained a rider stating that disabilities resulting from lower back injuries would only be covered for a one-year period. (Jacobs would receive benefits for all other injuries covered by the Policy until he turned 65.)

The Policy also contained a reconsideration clause that has become central to this case. When Revere's agent gave Jacobs a copy of his policy, he also gave Jacobs an "information sheet" that was later ruled to be part of Revere's insurance contract with Jacobs. The information

sheet underscores the back exclusion, then states, "On request, reconsideration can be given to removal, modification, or reduction subject to:

NO RECURRENCE       PHYSICIAN'S STATEMENT       IN  02 YEARS."

The Policy also contained an additional information sheet that detailed a rate increase of 120% because of Jacobs' "build" (or, more accurately, weight), and an insured salary amount of $5,000 per month. That page contained a separate reconsideration offer for those provisions, which stated, "On request, reconsideration can be given to removal, modification, or reduction subject to:

EVIDENCE OF INSURABILITY       IN 02 YEARS."

Before 2001, Jacobs never filed for reconsideration on the back exclusion. He did, however, apply for and receive salary increases under the salary/"build increase" reconsideration offer. Jacobs contends that the insurance agent filled out the appropriate paperwork for the salary increase, because Jacobs had made it clear when purchasing the Policy that he wanted the maximum possible salary coverage. Jacobs claims that he was also clear when purchasing the policy that he was very concerned about coverage for back injuries, and expected to be fully covered. All parties agree that the agent told Jacobs that he would probably have a back exclusion for two years. Jacobs claims that he was told that the exclusion would automatically be dropped if he showed no symptoms for two years. Revere claims that Jacobs was told that he could request removal of the exclusion after two years.

In October 2001, Jacobs injured his back playing tennis. He required another surgery to treat the injury. This surgery left Jacobs with significant pain, and all parties concede that after the surgery he was unable to work as a trader, which required standing in excess of seven hours per day.

In November 2001, Jacobs filed a disability claim under the Policy. Revere approved benefits, but limited them to one year, citing the back exclusion. Jacobs informed Revere of his view that the exclusion should have been removed from the Policy in 1993 (two years after he purchased the Policy).

At first, Revere informed Jacobs that the exclusion had not been removed because Jacobs had never requested that it be removed. The company eventually agreed to characterize the correspondence from Jacobs' lawyer as a formal request for reconsideration. Subsequently, an underwriter for Revere sent Jacobs' lawyer a letter stating that Revere was denying Jacobs' request for removal of the exclusion due to Jacobs' recent back injury.

Jacobs filed suit in Cook County. Revere removed the suit to federal district court as a diversity action. The district court ruled that the information sheets were part of the Policy and created contractual obligations. Jacobs then filed for summary judgment, and Revere filed a cross-motion for summary judgment. The district court dismissed Jacobs' motion and granted Revere's. Jacobs now appeals both decisions.

## II. Discussion

This case is a case of contractual interpretation. Jacobs claims that the language on the information sheet is a contractual promise to remove the back exclusion in the Policy if Jacobs' back showed no symptoms for two years after the policy issued. Under Jacobs' view, Revere should not have been allowed to consider any back symptoms after the two-year period had expired in 1993.

Revere claims that it merely promised to re-evaluate Jacobs' back problems after two symptom-free years, upon Jacobs' request. Under Revere's interpretation, the two

years were essentially a time limitation on when Jacobs could first apply for reconsideration, and it in no way limited the scope of Revere's review once Jacobs applied.

Based on the plain meaning of the provision found on the information sheet, we conclude that Revere's interpretation is correct. It is hardly fair to claim that an agreement to "reconsider" a contractual provision is legally equivalent to an agreement to "remove" the provision altogether, especially since the agreement itself states that "reconsideration can be given to removal, *modification,* or *reduction*" (emphasis added). Neither side claims that "reconsider" is a term of art in the insurance industry, and Webster's dictionary defines reconsider as "to consider again with a view to changing or reversing." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 984 (9th ed. 1990). A reasonable person would not understand a promise to "consider again with a view to changing or reversing" as equivalent to a promise to reverse. Adopting Jacobs' interpretation would require us accept this strange result, because under it, Revere would have been *required* to *remove* the back exclusion if Jacobs was symptom-free for two years.

Jacobs makes two arguments in favor of his interpretation of the promise in the information sheet, neither of which are availing. He argues, firstly, that Revere's interpretation of the language imposes an improper evidence of insurability condition on the back exclusion reconsideration offer. Jacobs points to the language of the reconsideration offer for the "build" premium, in which Revere expressly creates an "evidence of insurability" requirement. Jacobs argues that reconsideration offer at issue is a part of the same contract. It does not include an "evidence of insurability" requirement and therefore Revere cannot fairly be allowed to impose one.

Revere argues that "evidence of insurability" is a term of art in the insurance industry that encompasses an

insured's entire lifestyle, such as marital status, age, general health, etc. Revere agrees that it was not allowed to evaluate Jacobs' overall insurability when reconsidering the back exclusion; it was limited to considering Jacobs' back condition. However, Revere argues, this is not the equivalent of promising to ignore all back problems between 1993 and when Jacobs formally applied for reconsideration of the back exclusion. We agree with Revere.

Jacobs also argues that ambiguous insurance contracts, under Illinois law, should be strictly construed against the insurer. *See, e.g.*, *Grevas v. U.S. Fidelity & Guar. Co.*, 604 N.E.2d 942, 944 (Ill. 1992) ("[A]n insurance contract should be construed liberally in favor of the insured and strictly against the insurer." (citing *Glidden v. Farmers Auto. Ins. Ass'n*, 312 N.E.2d 247 (Ill. 1974))). Therefore, Jacobs argues, his interpretation must prevail. This argument is also unconvincing. Illinois state law is also clear that when the meaning of a contract can be discerned, the court will give effect to that meaning. *Id.* We are required to construe ambiguous language liberally for the insured, not to impose a new definition on the words used in the contract, which is essentially what Jacobs requests. We believe it is unreasonable for Jacobs to read Revere's agreement to "reconsid[er] . . . removal, modification or reduction subject to [certain conditions]" as an agreement to "completely remove after certain conditions occur." We therefore cannot fairly construe the language in his favor, and must effectuate the contract's meaning.

In sum, we find that Revere merely promised to "reconsider" Jacobs' back exclusion upon request. It did reconsider, and, in light of the fact that removing the exclusion would result in a 100% risk of paying years of benefits, declined to do so. Revere has fulfilled its obligation to reconsider, and was within its rights under the contract to enforce the back exclusion.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's summary judgment ruling in favor of Revere.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*